UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA MOBIUS and HANS MOBIUS,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS INCORPORATED, QUEST DIAGNOSTICS OF PENNSYLVANIA INC., QUEST DIAGNOSTICS HOLDINGS INCORPORATED, and JOHN DOE #1,<br><br>Defendants. | Case No. 1:19-cv-00499 |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION FOR REASONABLE EXPENSES AND ATTORNEYS' FEES**
(Doc. 13)

Plaintiffs Dana Mobius and Hans Mobius ("Plaintiffs") bring this action against Defendants Quest Diagnostics Clinical Laboratories, Inc.; Quest Diagnostics Incorporated; Quest Diagnostics of Pennsylvania Inc.; Quest Diagnostics Holdings Incorporated; and John Doe #1 (collectively, "Defendants"), alleging that on November 2, 2015, John Doe #1 negligently drew Plaintiff Dana Mobius's blood at one of Defendants' locations in Orchard Park, New York, "causing [her] severe, serious[,] and permanent injuries." (Doc. 1-2 at 9, ¶ 25.) Plaintiffs assert three causes of action: (1) negligence; (2) failure to obtain Plaintiff Dana Mobius's informed consent; and (3) loss of consortium on behalf of Plaintiff Hans Mobius as a result of Plaintiff Dana Mobius's injuries.

On January 17, 2020, Defendants filed the pending motion to dismiss pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) due to Plaintiffs' failure to respond to Defendants' First Set of Interrogatories (the "Interrogatories"). (Doc. 13.) Defendants also requested an

award of reasonable expenses, including attorneys' fees, as a sanction for Plaintiffs' noncompliance. Plaintiffs responded on February 28, 2020, asserting that they had provided Defendants with answers to the Interrogatories that day and thus Defendants' motion to dismiss is moot. Defendants replied on March 2, 2020, at which time the court took the pending motion under advisement.

Plaintiffs are represented by Anne B. Rimmler, Esq., and Philipp L. Rimmler, Esq. Defendants are represented by Earl K. Cantwell, Esq., and Patrick B. Curran, Esq.

## I.    **Factual and Procedural History.**

Plaintiffs filed their Complaint in New York Supreme Court, Erie County, on May 1, 2018, alleging Defendants' negligence caused Plaintiff Dana Mobius to sustain serious personal injuries. On August 31, 2018, Defendants served an Answer, a Demand for Verified Bill of Particulars, a Demand for Specific Relief, a Notice of Video Examination Before Trial, a Demand for Interviews with Healthcare Providers, a Demand for Medicare and/or Medicaid Lien Disclosure, and "Omnibus Discovery Demands[.]" (Doc. 13-1 at 2.)

Defendants sent letters to Plaintiffs on January 3, 2019 and February 27, 2019 requesting answers to their outstanding discovery demands. The January letter was sent on behalf of "Defendants, Quest Diagnostics of Pennsylvania, Inc., et al," (Doc. 13-5 at 1), and the February letter was sent on behalf of "Defendants, Quest Diagnostics of Pennsylvania, Inc., Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Incorporated and Quest Diagnostics Holdings Incorporated[.]" (Doc. 13-6 at 1.) Plaintiffs did not respond to these inquiries and did not object to either the form or substance of the discovery requests. Plaintiffs aver that they did not initially respond to Defendants' discovery demands "because [they] were actually waiting for [Defendants' counsel] to confirm his representation of several or all [] [D]efendants." (Doc. 16 at 3, ¶ 7.)

Defendants subsequently filed a motion to compel Plaintiffs to respond to their outstanding discovery demands in New York Supreme Court.[1] On March 19, 2019, the

---

[1] Plaintiffs assert that on March 21, 2019, they responded to Defendants' Demand for Specific Relief.

2

state court held a hearing on the motion to compel and ruled in Defendants' favor. The parties each filed proposed orders regarding the remaining discovery demands with the state court; however, before the proposed order could be issued, Defendants removed this action to this court on April 18, 2019.[2]

Defendants sent a third letter to Plaintiffs on June 10, 2019 requesting responses to their outstanding discovery demands, which again went unanswered. On July 2, 2019, Defendants moved to compel Plaintiffs' response, and Plaintiffs opposed the motion on the grounds that the discovery demands did not comply with the Federal Rules of Civil Procedure. Plaintiffs represented they would "address such discovery issues with the utmost diligence" if Defendants served "properly-formatted Interrogatories[.]" (Doc. 7 at 2.) At a September 16, 2019 hearing, this court directed Defendants to conform their discovery requests to the Federal Rules of Civil Procedure governing interrogatories and to serve their revised discovery requests on Plaintiffs within fourteen days of the date of the hearing.

On September 30, 2019, Defendants served their revised Interrogatories on Plaintiffs. Plaintiffs did not object or respond to the Interrogatories. On December 4, 2019, Defendants sent Plaintiffs a letter requesting answers to the Interrogatories and advising that they would move for sanctions if they did not receive a response by December 18, 2019. Plaintiffs' counsel called Defendants on December 18, 2019, apologized for the delay, and requested a one to two weeks' extension to provide answers. Defendants suggested an extension until January 10, 2020 due to the holidays. Plaintiffs did not respond by that deadline, and Defendants assert that Plaintiffs have

---

[2] Under 28 U.S.C. § 1446(b)(1), defendants must remove to federal court within thirty days of receipt of an initial pleading, or, under § 1446(b)(3), within thirty days of receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants removed under § 1446(b)(3) because Plaintiffs' Demand for Specific Relief sought $10,000,000.00, which "has now provided a basis for removal with respect to the 'amount in controversy' requirement." (Doc. 1 at 5, ¶ 13.) Plaintiffs did not challenge the removal.

"made no effort to contact Defendants since that telephone conversation." (Doc. 13-1 at 4, ¶ 17.)

As of the filing date of their motion, Defendants contend Plaintiffs have not yet responded to Defendants' revised Interrogatories. Plaintiffs, however, assert that they attempted to reach an agreement with Defendants through telephone calls in "January of 2020[,]" in which Plaintiffs "assured counsel for [] [D]efendants that [P]laintiffs' responses were forthcoming[.]" (Doc. 16 at 4, ¶¶ 11-12.) On February 28, 2020, Plaintiffs served their responses to Defendants' revised Interrogatories, Demand for Specific Relief, and Demand for Medicare and/or Medicaid Lien Disclosure.

## II.   Conclusions of Law and Analysis.

### A.   Whether Good Cause Excuses the Untimely Filing of Plaintiffs' Opposition.

As a threshold matter, Defendants argue the court should not consider Plaintiffs' opposition because it was filed approximately four weeks after the deadline imposed by the Local Rules for the Western District of New York, which state that "[t]he opposing party shall have fourteen (14) days after service of the motion to file and serve responding papers" for all non-summary judgment motions absent a court order setting a different deadline. W.D.N.Y. L.R. 7(b)(2)(B). Pursuant to Fed. R. Civ. P. 6(b)(1), the court may extend the time to respond to a motion for "good cause" if: (A) the court acts or if a request is made before the time to respond expires, or (B) "on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.*

Plaintiffs did not request an extension for their untimely opposition and provide only an indirect excuse for it. They accuse Defendants of misleading the court regarding the nature of the parties' communications leading up to the filing of the pending motion and maintain "the original attorneys [at the law firm] assigned to the case and, in particular, to the discovery phase of the case have had their time taken up exclusively on other matters." (Doc. 16 at 5, ¶ 15.) Plaintiffs' new attorney turned to this matter "only after the matter of addressing the outstanding discovery was raised," at which point "it

4

became clear that much work had to be done in order to prepare sufficiently adequate responses to the defendant's demands." *Id.* at 5-6.

Because Plaintiffs proffer little to no explanation for a protracted period of delay in responding to the motion for sanctions, and because this court's Local Rules unambiguously provide a fourteen-day response in the absence of a briefing schedule, the court does not excuse Plaintiffs' untimely opposition.

### B.     Whether the Sanction of Dismissal Is Warranted.

Defendants seek dismissal of this action as a sanction for Plaintiffs' failure to respond to their revised Interrogatories. The Federal Rules of Civil Procedure state that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Pursuant to Fed. R. Civ. P. 37(d)(1), the court "may, on motion, order sanctions if: . . . (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *Id.* Failure to respond to interrogatories is sanctionable under this provision if it "was done either willfully or in bad faith" or "constituted 'a serious or total failure to respond' to the interrogatories[.]" *Petrosino v. Bell Atl.*, 385 F.3d 210, 232 (2d Cir. 2004) (quoting *Flaks v. Koegel*, 504 F.2d 702, 705 n.2 (2d Cir. 1974)).

"The imposition of sanctions under Rule 37 lies within the discretion of the district court[.]" *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994) (per curiam). Sanctions for failure to answer interrogatories may include dismissal, *see* Fed. R. Civ. P. 37(d)(3), however, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991) (internal citation and quotation marks omitted); *see also Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958) ("Rule 37 should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has

5

been due to inability, and not to willfulness, bad faith, or any fault of petitioner.") (footnote omitted).

The following factors should be considered in deciding whether to dismiss a case pursuant to Fed. R. Civ. P. 37:

> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (alteration in original) (citation and quotation marks omitted). Because the court enjoys "'wide discretion in imposing sanctions under Rule 37,' these factors are not exclusive, and they need not each be resolved against the party" challenging the propriety of sanctions for the court to conclude that dismissal is appropriate. *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007)).

In this case, Defendants served discovery requests in state court on August 31, 2018, and Plaintiffs served only a partial response after an adverse state court ruling granting Defendants' motion to compel. Upon removal to this court, Defendants were ordered to reformulate their discovery demands to comply with the Federal Rules of Civil Procedure, and Defendants did so in accordance with the court-imposed deadline. Thereafter, Plaintiffs failed to timely respond to the revised Interrogatories. These facts support the sanction of dismissal. *See, e.g., Indep. Inv'r Protective League v. Touche Ross & Co.*, 607 F.2d 530, 531-32, 534 (2d Cir. 1978), *cert. denied*, 439 U.S. 895 (1978) (affirming dismissal when the lower court granted a motion to compel plaintiffs to respond to interrogatories and plaintiffs never complied).

Plaintiffs assert three reasons why dismissal is not warranted. First, they argue the state court never entered an order directing Plaintiffs to respond following the motion to compel, and therefore any discovery demands served while in state court "cannot be held out as an example of [] [P]laintiff[s] failing to make required disclosures in this case." (Doc. 16 at 3, ¶ 5.) Second, Defendants allegedly mischaracterized the factual record to

6

suggest that Plaintiffs were nonresponsive when in fact Plaintiffs have been in frequent communication with Defendants. And third, Plaintiffs aver their counsel was busy on other cases that were going to trial in April, and once Defendants raised the issue of outstanding discovery, a new attorney from their counsels' firm began to work on the case.[3] None of these reasons provide justification for Plaintiffs' noncompliance. Even if the court disregards Plaintiffs' delay in responding to Defendants' discovery requests in state court, Plaintiff did not respond to Defendants' revised Interrogatories for approximately five months despite assuring this court that they would address properly formatted Interrogatories "with the utmost diligence[.]" (Doc. 7 at 2.) Plaintiffs' counsel may have communicated frequently with Defendants' counsel, but this does not absolve them of their duty to comply with the Federal Rules of Civil Procedure and this court's Local Rules. Finally, although Plaintiffs' counsel may have been busy, this does not permit them to delay discovery and squander party and court resources in a case they have initiated. *See In re Heilpern*, 2018 WL 4907587, at *3 (S.D.N.Y. Sept. 27, 2018) ("The Court cannot and will not allow parties and their attorneys to disregard the Federal Rules of Civil Procedure and this Court's orders simply because they are too busy to comply.") (internal quotation marks omitted) (quoting *Poulin v. E.I. Dupont DeNemours & Co.*, 883 F. Supp. 894, 895 (W.D.N.Y. 1994)).

Against the foregoing backdrop, Plaintiffs' noncompliance with the Federal Rules of Civil Procedure was willful, and some form of sanction is warranted. *See Bhagwanani v. Brown*, 665 F. App'x 41, 43 (2d Cir. 2016) (holding party's "persistent noncompliance with discovery obligations" resulted in "a permissible inference of willfulness"); *Buffalo Laborers Welfare Fund v. Elliott*, 2008 WL 907385, at *2 (W.D.N.Y. Mar. 31, 2008) (sanctioning a defendant who was served with discovery demands, including

---

[3] Plaintiffs also appear to contend they have complied in good faith with their discovery obligations because the parties jointly requested to extend a mediation deadline in September of 2019. Plaintiffs' argument is undermined by the letter they cite, in which they sought to adjourn the mediation session "to allow for preliminary paper discovery." (Doc. 16-4 at 1.) Because Plaintiffs failed to provide a timely response to Defendants' Interrogatories, they frustrated the purpose of extending the mediation deadline.

7

interrogatories, and "wholly failed to respond" even though "Plaintiffs repeatedly attempted to secure discovery responses, to no avail"). However, Plaintiffs' failure to timely respond to Defendants' revised Interrogatories does not amount to a "total failure to respond" warranting dismissal where a less drastic sanction will suffice. *See Petrosino*, 385 F.3d at 232 (affirming district court's decision not to impose sanctions where plaintiff did not show Defendants' failure was willful, in bad faith, or "constituted a serious or total failure to respond to the interrogatories") (citation and internal quotation marks omitted); *see also Laclede Gas Co. v. G.W. Warnecke Corp.*, 604 F.2d 561, 565 (8th Cir. 1979) ("Rule 37(d) applies only where a failure to answer interrogatories amounts to a total failure to respond.").

In determining the appropriate sanction, the court observes that Plaintiffs were not warned by the court prior to their noncompliance and there is no reason to believe a monetary sanction would be ineffective in ensuring future compliance. *Cf. Agiwal*, 555 F.3d at 303 (affirming dismissal when "over a span of approximately six months" plaintiff "defied all of [the magistrate judge's] orders, each of which warned of the possibility of sanctions, including dismissal"); *Valentine*, 29 F.3d at 50 (upholding dismissal due to plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action"). In addition, Plaintiffs have now provided responses to Defendants' Interrogatories. *See Hinterberger v. Catholic Health Sys., Inc.*, 284 F.R.D. 94, 105 (W.D.N.Y. 2012), *reconsideration denied*, 2012 WL 4800973 (W.D.N.Y. Oct. 9, 2012) (holding sanction of dismissal was "premature" where "no warning that the continued failure to comply with requested discovery has been given, nor have Plaintiffs failed to provide any court-ordered discovery").

On balance, the relevant factors weigh against the most serious sanction of dismissal, and the court DENIES Defendants' motion to dismiss under Fed. R. Civ. P. 37(d)(1)(A)(ii) without prejudice. Plaintiffs are cautioned to follow the Federal Rules of

Civil Procedure and Local Rules in the future or risk dismissal with prejudice of their claims.

### C.  Whether an Award of Reasonable Expenses, Including Attorneys' Fees, Is Warranted.

Defendants seek an award of reasonable expenses, including attorneys' fees, for Plaintiffs' noncompliance. Pursuant to the Federal Rules of Civil Procedure, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney[s'] fees, caused by the failure [to respond to interrogatories under Fed. R. Civ. P. 37(d)(1)(A)(ii)], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis supplied). A failure to respond is "substantially justified" if "there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action[.]" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and alterations omitted). Plaintiffs bear the burden of showing that their "failure is justified or that special circumstances make an award of expenses unjust." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (citation and internal quotation marks omitted). They have not sustained that burden.

Because Plaintiffs' failure to respond was not "substantially justified[,]" Fed. R. Civ. P. 37(d)(3), and thwarted the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, an award of attorneys' fees is appropriate. *See Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (holding sanctions under Rule 37 are intended to "ensure that a party will not benefit from its own failure to comply" and "to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault"). The court therefore GRANTS Defendants' request for reasonable expenses and attorneys' fees in filing and briefing the pending motion. *See Penta v. Costco Wholesale Corp.*, 2016 WL 1171612, at *3 (E.D.N.Y. Mar. 25, 2016) (ordering award of attorneys' fees under Fed. R. Civ. P. 37(d)(3) where plaintiff "made no argument that there were justifications or

special circumstances that would make an award of expenses unjust").[4]

## CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) without prejudice and GRANTS their motion for reasonable expenses incurred in filing and briefing their motion, including attorneys' fees. (Doc. 13.) Defendants shall have fourteen (14) days from the date of this Opinion and Order to submit a supplemental affidavit regarding their reasonable attorneys' fees and expenses incurred in filing and briefing this motion.

SO ORDERED.

Dated this 23rd day of June, 2020.

Christina Reiss, District Judge
United States District Court

---

[4] *See also Garcia v. AKR Corp.*, 2012 WL 3746265, at *2 (E.D.N.Y. Aug. 28, 2012) (compelling defendants to respond to interrogatories and awarding attorneys' fees to the moving party where "they proffer no excuse whatsoever—let alone an acceptable one—for having ignored plaintiffs' counsel's inquiries as to the overdue discovery responses, and for having failed to respond at all to plaintiffs' document demands"); *City of N.Y. v. Venkataram*, 2012 WL 2921876, at *2 (S.D.N.Y. July 18, 2012) (awarding attorneys' fees under Fed. R. Civ. P. 37(d)(3) when defendants failed to respond to plaintiff's interrogatories or correspondence regarding plaintiff's intent to seek judicial intervention because failure to answer "was not substantially justified" and "an award of expenses is not otherwise unjust") (footnoted omitted).