UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA MOBIUS and HANS MOBIUS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>) <br>QUEST DIAGNOSTICS CLINICAL )<br>LABORATORIES, INC., QUEST )<br>DIAGNOSTICS INCORPORATED, QUEST )<br>DIAGNOSTICS OF PENNSYLVANIA INC., )<br>QUEST DIAGNOSTICS HOLDINGS )<br>INCORPORATED, and JOHN DOE #1, )<br>)<br>Defendants. ) | Case No. 1:19-cv-00499 |

**ENTRY ORDER GRANTING IN PART DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES**
(Doc. 23)

Plaintiffs Dana Mobius and Hans Mobius ("Plaintiffs") bring this action against Defendants Quest Diagnostics Clinical Laboratories, Inc.; Quest Diagnostics Incorporated; Quest Diagnostics of Pennsylvania Inc.; Quest Diagnostics Holdings Incorporated; and John Doe #1 (collectively, "Defendants"), alleging that on November 2, 2015, John Doe #1 negligently drew Plaintiff Dana Mobius's blood at one of Defendants' locations in Orchard Park, New York, "causing [her] severe, serious[,] and permanent injuries." (Doc. 1-2 at 9, ¶ 25.) On January 17, 2020, Defendants moved to dismiss Plaintiffs' Complaint due to their failure to respond to Defendants' First Set of Interrogatories and requested the court award attorneys' fees as a sanction for Plaintiffs' untimeliness.

On June 23, 2020, the court denied Defendants' motion to dismiss but granted their motion for reasonable expenses and attorneys' fees incurred in "filing and briefing" that motion pursuant to Fed. R. Civ. P. 37(d)(3). (Doc. 18 at 10.) The court granted

Defendants fourteen (14) days from the date of that Opinion and Order to submit a supplemental affidavit regarding their fees. On July 7, 2020, Defendants submitted an affidavit indicating the aggregate attorneys' fees incurred but did not submit contemporaneous time records detailing for each attorney the date, hours expended, and nature of the work. The court therefore denied their application without prejudice on July 27, 2020. (Doc. 21.)

On August 5, 2020, Defendants submitted a supplemental fee affidavit including narrative time entries and attaching contemporaneous redacted time records. (Doc. 23.) The affidavit is submitted by Patrick B. Curran, Esq. of Hurwitz & Fine, P.C. and requests $5,749.50 in attorneys' fees for a total of 34.7 hours expended at an average hourly billing rate of $165.00.[1] Plaintiffs did not file an opposition.

Plaintiffs are represented by Philipp L. Rimmler, Esq. and Anne B. Rimmler, Esq. Defendants are represented by Earl K. Cantwell, Esq. and Patrick B. Curran, Esq.

## I.   Conclusions of Law and Analysis.

Pursuant to Fed. R. Civ. P. 37(d)(3), the court "must require the party failing to [submit interrogatories], the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* The "lodestar method" is "presumptively sufficient" to calculate reasonable attorneys' fees. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (holding a "presumptively reasonable" fee, or the "lodestar" amount, is the "prevailing hourly rate in the community") (alteration and internal quotation marks omitted). To calculate the lodestar, the court "multiplies the number of hours reasonably billed by the hourly rate normally charged for equivalent work by similarly-skilled attorneys" in the Western District of New York. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

---

[1] There is one entry for .80 hours for "[c]ontinue to draft and finalize our Reply Declaration related to our motion to dismiss" which was billed at $195.00 per hour. (Doc. 23 at 3.)

2

The court has "broad discretion to determine whether the hours expended and the rates charged are reasonable," and the fee applicant bears the burden of establishing reasonableness. *Eades v. Kennedy, PC. L. Offices*, 343 F. Supp. 3d 104, 106-07 (W.D.N.Y. 2018). Hours are not reasonably billed if they are "excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The ultimate inquiry is whether "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

The court first determines if the $165.00 and $195.00 hourly rates counsel charged are reasonable in the Western District of New York. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("[C]ourts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.") (internal quotation marks omitted). The court's review of attorneys' fees in civil cases in the Western District of New York reveals that these rates are commensurate with the market rate.[2] Based on its review of the narratives provided for each time record, the court further finds the fees expended reasonable and within the scope of "filing and briefing" the motion to dismiss. (Doc. 18 at 10.)

However, because Defendants did not prevail in obtaining dismissal, arguably the crux of their motion to dismiss, the court reduces the claimed fee of $5,749.50 by fifty percent. *See Hensley*, 461 U.S. at 436 ("If . . . a [party] has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."); *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152-53 (2d Cir. 2008) (holding "the quantity and quality

---

[2] *See, e.g., Mantel v. Smash.com Inc.*, 2019 WL 5257571, at *4 (W.D.N.Y. Oct. 17, 2019) (awarding $180 per hour to associate in copyright matter); *Eades v. Kennedy, PC. L. Offices*, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (finding reasonable average rate for partners in non-complex Fair Debt Collection Practices Act matter to be $300 per hour and associates to be $225 per hour); *Henderson v. Rite Aid of N.Y., Inc.*, 2018 WL 514094, at *2 (W.D.N.Y. Jan. 23, 2018) (finding fee of $300 for shareholders and $250 for senior associate at labor and employment firm in Rochester, New York was reasonable).

3

of relief obtained . . . are key factors in determining the degree of success achieved" and affirming reduction of fees by fifty percent following lodestar calculation due to lack of success) (internal quotation marks omitted). This amount, $2,874.75, is commensurate with other fees awarded in discovery disputes in the Second Circuit. *See, e.g., Metzgar v. U.A. Plumbers & Steamfitters Local No. 22 Pension Fund*, 2019 WL 1466969, at *3 (W.D.N.Y. Apr. 3, 2019) (awarding $2,526.00 in attorneys' fees for filing and preparing motion to compel); *Rich Prods. Corp. v. Bluemke*, 2014 WL 860364, at *5 (W.D.N.Y. Mar. 5, 2014) (awarding $2,791.00 in reasonable expenses and attorneys' fees to party who prevailed on motion to compel); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 152 (S.D.N.Y. 2014) (awarding $2,640.00 in attorneys' fees under Fed. R. Civ. P. 37(d)(3) for motion to compel).

Finally, the court must determine who is responsible for paying this award. *See* Fed. R. Civ. P. 37(d)(3) (stating court may order the offending party, "the attorney advising that party, or both to pay the reasonable expenses . . . caused by the failure"). According to Plaintiffs' opposition to Defendants' motion to dismiss, Plaintiffs' repeated failure to respond to Defendants' Interrogatories despite an adverse ruling on a motion to compel in state court is attributable to counsel's schedule. It would therefore be unjust to punish Plaintiffs for their counsel's failure to respond. *See Bacote v. Riverbay Corp.*, 2016 WL 7496139, at *3 (S.D.N.Y. Dec. 29, 2016) (ordering defendants' counsel to pay full fee award under Fed. R. Civ. P. 37(d)(3) where attorney made the decision causing the violation and the offending party "understandably relied upon his attorney's instructions"); *Eagle Nation Cycles v. City of Neenah*, 2016 WL 259321, at *2 (E.D. Wis. Jan. 20, 2016) ("[B]ecause the fault seems to lie with the attorney for Plaintiffs instead of them directly, he is to pay the entire amount assessed.") (citing Fed. R. Civ. P. 37(d)(3)). For that reason, Plaintiffs' counsel must pay the $2,874.75 attorneys' fee award to Defendants.

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART Defendants' application for reasonable attorneys' fees (Doc. 23) and ORDERS Plaintiffs' counsel to

pay Defendants the sum of $2,874.75 within fourteen (14) days of the date of this Order.

SO ORDERED.

Dated this 2nd day of September, 2020.

Christina Reiss, District Judge
United States District Court